# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CANDANCE CAROL BUSH ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 3:16-cv-0817 |
| ] | JUDGE CRENSHAW |
| TRINITY D. MINTER, Warden ] | |
|     Respondent. ] | |

## M E M O R A N D U M

Petitioner, proceeding *pro se*, is an inmate at the Women's Therapeutic Reception Center in Henning, Tennessee. She brings this action pursuant to 28 U.S.C. § 2254 against Trinity Minter, Warden of the Mark Luttrell Correctional Center, seeking a writ of habeas corpus.[1]

### I. Background

On September 16, 2008, a jury in Rutherford County found the Petitioner guilty of first degree murder.( Doc. No. 22-2 at 23-25). For this crime, she received a sentence of life imprisonment with the possibility of parole. (*Id.* at 29).

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the conviction. (Doc. No. 22-18). The Tennessee Supreme Court later denied Petitioner's application for further review. (*Id.* at 1).

In November, 2012, the Petitioner filed a *pro se* Petition for post-conviction relief in the

---

[1] At the time this action was filed, the Petitioner was an inmate at the Mark Luttrell Correctional Center in Memphis. She has since been transferred to her present place of confinement. (Doc. No. 18).

1

Circuit Court of Rutherford County. (Doc. No. 22-19 at 3-25). Following the appointment of counsel and an evidentiary hearing, the trial court denied the post-conviction Petition. (*Id.* at 78-87).

On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. (Doc. No. 1 at 40-57). Once again, the Tennessee Supreme Court rejected the Petitioner's application for additional review. (*Id.* at 38).

## II. Procedural History

On April 18, 2016, the Petitioner filed the instant Petition (Doc. No. 1) for federal habeas corpus relief.[2] The Petition contains four claims for relief. These claims include :

> 1) the ineffectiveness of trial counsel;
>
> 2) the ineffective assistance of appellate counsel;
>
> 3) whether the jury could find the Petitioner guilty under the applicable statute; and
>
> 4) whether the trial judge had the statutory authority to "approve or disapprove the jury verdict pronounced sentence".

Upon its receipt, the Court conducted a preliminary review of the Petition and determined that the Petitioner had stated a colorable claim for relief. Accordingly, an order (Doc. No. 6) was entered directing the Respondent to file an answer, plead or otherwise respond to the Petition. Rule 4, Rules - - § 2254 Cases.

Presently before the Court is the Respondent's Motion to Dismiss (Doc. No. 23), to which

---

[2] The Petition was stamped by the Clerk's Office as received on April 28, 2016. A pleading from a prisoner, though, is deemed filed on the day that it was given to a prison official for posting. Houston v. Lack, 487 U.S. 266 (1988). In this case, the Petitioner avers that his Petition was placed in the prison postal system on April 18, 2016. (Doc. No. 1 at 10).

2

the Petitioner has offered no reply. Having carefully considered these pleadings and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the Petitioner is entitled to no relief). Therefore, the Court shall dispose of the Petition as the law and justice require. Rule 8, Rules - - § 2254 Cases.

### III. Timeliness of the Petition

In the Motion to Dismiss, the Respondent asserts that this action is untimely. A one year period of limitation has been placed on the filing of § 2254 petitions. Thus, a prisoner in custody pursuant to the judgment of a state court has one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" in which to file her Petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1)(A).[3]

The Petitioner was found guilty on September 16, 2008. The direct appeal of Petitioner's conviction was concluded on November 17, 2011, the date that the Tennessee Supreme Court denied her application for discretionary review. (Doc. No. 22-18 at 1).

The time for seeking direct review, however, has been held to include the ninety (90) day period during which a criminal defendant can petition the United States Supreme Court for a writ of certiorari. Isham v. Randle, 226 F.3d 691, 695 (6th Cir. 2000). As a consequence, the Petitioner's conviction became final for timeliness purposes ninety days later, on February 15, 2012.[4]

---

[3] 28 U.S.C. § 2244(d) actually provides that the limitation period will begin to run from the latest of four dates, one of which is the date the judgment became final. The other three potential dates do not apply in this case.

[4] The ninety days are computed as follows : 13 days (11/18 - 11/30) + 31 days (12/1 - 12/31/11) + 31 days (1/1 - 1/31/12) + 15 days (2/1 - 2/15/12) = 90 days.

Accordingly, the Petitioner had one year from this date, until February 15, 2013, in which to initiate the instant action.

After two hundred seventy two (272) days had elapsed, the Petitioner filed a *pro se* petition for state post-conviction relief.[5] The filing of that petition had the effect of tolling the one year limitation period for as long as Petitioner's post-conviction proceedings remained pending in the state courts. 28 U.S.C. § 2244(d)(2).

On September 17, 2015, the Tennessee Supreme Court rejected the Petitioner's application for further review of her post-conviction petition, thus concluding the state post-conviction process. (Doc. No. 1 at 38).

When the state court proceedings that tolled the limitation period are no longer pending, the limitation period resumes at that point where it was tolled rather than starting anew. DiCenzi v. Rose, 452 F.3d 465, 468-469 (6th Cir. 2006). Therefore, having already expended two hundred seventy two days of the limitation period, the Petitioner was left with ninety three days (365-272 = 93), or until December 19, 2015, in which to initiate the instant action.[6]

The habeas corpus Petition (Doc. No. 1) initiating this action was filed on April 18, 2016, almost four months after the limitation period had expired. As a consequence, this action is untimely.

---

[5] The post-conviction petition was filed on November 13, 2012. (Doc. No. 22-19 at 3-25). The 272 days are calculated as follows : 14 days (2/16 - 2/29/12) + 31 days (3/1 - 3/31) + 30 days (4/1 - 4/30) + 31 days (5/1 - 5/31) + 30 days (6/1 - 6/30) + 31 days (7/1 - 7/31) + 31 days (8/1 - 8/31) + 30 days (9/1 - 9/30) + 31 days (10/1 - 10/31) + 13 days (11/1 - 11/13/12) = 272 days (2012 was a leap year).

[6] The 93 days are computed as follows : 13 days (9/18 - 9/30) + 31 days (10/1 - 10/31) + 30 days (11/1 - 11/30) + 19 days (12/1 - 12/19) = 93 days.

## IV. Equitable Tolling of the Limitation Period

Nevertheless, the limitation period does not act as a jurisdictional bar. Holland v. Florida, 560 U.S. 631, 649 (2010). Consequently, the one year limitation period is subject to equitable tolling in appropriate circumstances. Griffin v. Rogers, 399 F.3d 626, 631 (6th Cir.2005). The doctrine of equitable tolling, however, should be applied sparingly. Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir.2001).

The Petitioner bears the burden of showing that she is entitled to an equitable tolling of the limitation period. Keenan v. Bagley, 400 F.3d 417, 420 (6th Cir.2005). To satisfy this burden, the Petitioner must establish (1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstance has stood in her way and prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

In this regard, the Petitioner avers that she did not learn about the conclusion of the post-conviction proceedings in the state courts until February 10, 2016. (Doc. No. 1 at 3 and 35-38). Even if this was the case, though, the Petitioner has failed to make the requisite showing sufficient to justify an equitable tolling of the limitation period.

The Petitioner wrote a letter to the Tennessee Supreme Court requesting information regarding the disposition of an application for further post-conviction review. (Doc. No. 1 at 34). The letter was dated November 16, 2015, more than a month before the expiration of the limitation period. For some unexplained reason, the letter was not received at the Tennessee Supreme Court until February 5, 2016, after the expiration of the limitation period. (Doc. No. 1 at 35). The Petitioner has offered no explanation for the delay in sending the letter. Thus, there has been no showing that she has been diligently pursuing her rights. Nor has the Petitioner suggested some

extraordinary circumstance that stood in her way and prevented her from timely filing the instant action.

The petitioner also contends that equitable tolling would be appropriate because she is actually innocent of the charge. (Doc. No. 1 at 23-24).

The Supreme Court has held that a credible showing of actual innocence may allow a prisoner to pursue her constitutional claims on the merits notwithstanding the untimeliness of the habeas corpus petition. McQuiggin v. Perkins, 133 S.Ct. 1924, 1932 (2013). To invoke actual innocence as an exception to the limitation period, the Petitioner must show that it is more likely than not that no reasonable juror would have convicted her in light of new evidence. *(Id.* at 1935). She does this by supporting "her allegations of constitutional error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995).

In support of her claim of actual innocence, the Petitioner simply states that, if granted an evidentiary hearing, she will prove "that the state's primary witness actually committed this alleged crime of murder alone and included this petitioner and husband in the crime on the behalf of the investigating officers." (Doc. No. 1 at 23). No new evidence has been offered or even identified by the Petitioner in support of a claim of actual innocence. The Petitioner, therefore, has failed to make the requisite showing of actual innocence.

Accordingly, the Court finds that the instant action was not timely filed and that the Petitioner has failed to make a showing sufficient to justify an equitable tolling of the applicable one year limitation period.

An appropriate order of dismissal will be entered. Rule 8(a), Rules - - - § 2254 Cases.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE